```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------- x
                                                      :
ROCCO GAETANO and                                     :
MARIA CATALONO,                                       :
                                                      :         SUMMARY ORDER
                           Plaintiff,                 :
                                                      :         07-cv-2933 (DLI)(JO)
              -against-                               :
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                           Defendant.                 :
                                                      :
                                                      :
----------------------------------------------------- x
```
**DORA L. IRIZARRY, United States District Judge:**

Plaintiffs Rocco Gaetano and Maria Catalono filed this suit pursuant to Fed. R. Civ. P. 60(b) asking the court to vacate a judgment deporting Gaetano and barring him from reentering the United States. The government has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that the complaint falls outside the scope of Rule 60(b) because it is an improper collateral attack on Gaetano's conviction. To date, plaintiffs have failed to respond to the motion, which was filed on December 11, 2007. Thus, the motion is deemed unopposed. For the reasons set forth more fully below, Defendant's motion is granted and the suit is dismissed in its entirety.

    **I.    BACKGROUND**

In 1988, Gaetano pled guilty to possession with intent to distribute narcotics in violation of 21 U.S.C. §§ 841 and 846. Plaintiffs alleged that the plea agreement "implicitly included a condition that the plaintiff Gaetano upon entering said plea agreement would not be deported from the USA." (Compl. at ¶ 11.) Plaintiffs further allege that Defendant withheld this implicit promise of "no deportation" from the court during the plea proceedings. (*Id.* at ¶ 12.)

Consequently, according to Plaintiffs, the court accepted the plea and entered a judgment deporting Gaetano to Italy and barring his reentry. (*See id.*) Almost two decades later, Gaetano, joined by his daughter Catalano, filed this suit seeking to overturn his deportation and lift the bar on his reentry. They claim that the government breached the plea agreement and committed a fraud upon the court thereby violating their rights under the First, Fifth, Sixth, and Fourteenth Amendments. (*See id.* at ¶¶ 26-43.)

## II. DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may make a motion, in lieu of an answer, to dismiss a complaint for "failure to state a claim upon which relief can be granted." On a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). The Supreme Court has recently held that in order to survive a motion under Rule 12(b)(6), a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Accordingly, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1964-65 (citations omitted). The Second Circuit has interpreted this to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*," rather than to mandate a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

Here, Defendant argues that Plaintiffs' complaint must be dismissed because Rule 60(b) cannot be used to directly challenge a judgment rendered in a federal criminal case. Instead, the proper vehicle to make such a challenge is a habeas petition under 28 U.S.C. § 2255. According to Defendant, the complaint would fail under Section 2255 because Gaetano is not a federal prisoner and the one-year statute of limitations would bar such a petition. The court agrees that the complaint falls outside the scope of Rule 60(b) and a Section 2255 petition would be untimely.

Rule 60(b) can only be used to challenge final judgments in suits of a civil, not criminal, nature. *See* Fed. R. Civ. P. 1 (explaining that the rules "govern the procedures in all civil actions and proceedings in the United States district courts . . . ."); *see also Holloway v. United States*, 05 CV 5908, 2006 WL 516826, at * 1 (E.D.N.Y. Feb. 28, 2006) (holding that Rule 60(b) "does not grant the federal courts the ability to modify a criminal judgment."). Therefore, Plaintiffs cannot rely on Rule 60(b) to challenge the penalty imposed following Gaetano's conviction: the order deporting him and barring him from reentering the United States.

In addition, the court will not construe this motion as a petition for a writ of habeas corpus under Section 2255 as such a petition would be barred as untimely. *See* 28 U.S.C. § 2255(f). Under Section 2255(f), a federal prisoner must file his petition within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The court entered the judgment deporting Gaetano and barring him from reentering the United State in 1988. Gaetano has not explained why he waited close to two decades before bringing a complaint about the government's alleged conduct nor has he offered any indication why an exception to the one-year limitation might apply.[1]

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      March 14, 2009

                                                /s/
                                          DORA L. IRIZARRY
                                        United States District Judge

---

[1] It appears that Plaintiffs attempt to circumvent timeliness concerns by relying on the savings clause of Rule 60 and alleging that the government had committed a fraud upon the court. (Compl. at ¶¶ 20, 21.) That reliance is misplaced. Although the savings clause, in very limited circumstances, allows a court to reconsider a judgment procured through fraud without regard to timeliness, *see Gleason v. Jandrucko*, 860 F.2d 556, 558-59 (2d Cir. 1988), as already explained, the Federal Rules of Civil Procedures are inapplicable here.